# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0172, <u>Saint Anselm College Corporation & a. v. Board of Trustees of Saint Anselm College</u>, the court on May 26, 2021, issued the following order:**

Having considered the briefs, supplemental memoranda of law, and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The law firm of Wadleigh, Starr & Peters, PLLC (Wadleigh) appeals an order of the Superior Court (<u>Delker</u>, J.) granting the motion filed by the defendant, the Board of Trustees of Saint Anselm College (Board), to disqualify Wadleigh from continuing to represent plaintiff Abbot Mark Cooper, O.S.B. (the Abbot) in this litigation. We dismiss this appeal because we conclude that Wadleigh lacks standing to bring it.

"Standing under the New Hampshire Constitution requires parties to have personal legal or equitable rights that are adverse to one another, with regard to an actual, not hypothetical, dispute, which is capable of judicial redress." <u>Teeboom v. City of Nashua</u>, 172 N.H. 301, 307 (2019) (quotation and brackets omitted). "In evaluating whether a party has standing to sue, we focus on whether the party suffered a legal injury against which the law was designed to protect." <u>Id</u>. (quotation omitted). To demonstrate standing, "the party must show that its own rights have been or will be directly affected." <u>Id</u>. (quotation omitted).

Wadleigh contends that its reputation was harmed by the trial court's order because, it asserts, the trial court found that Wadleigh had "violated the Rules of Professional Conduct in bringing a case allegedly adverse" to its former client, plaintiff Saint Anselm College Corporation (the College Corporation). The Board counters that "alleged 'reputational harm' is not sufficient to establish legal injury and standing."

We do not share Wadleigh's interpretation of the trial court's order. "The interpretation of a court order is a question of law, which we review <u>de novo</u>." <u>In the Matter of Sheys & Blackburn</u>, 168 N.H. 35, 39 (2015). "In construing a court order, we look to the plain meaning of the words used in the document." <u>Id</u>. "We construe subsidiary clauses so as not to conflict with the primary purpose of the trial court's decree." <u>Id</u>. at 39-40. "As a general matter, a court decree or judgment is to be construed with reference to the issues it was meant to decide." <u>Id</u>. at 40.

The trial court in this case did <u>not</u> find that Wadleigh violated the Rules of Professional Conduct. Indeed, the trial court did not find that Wadleigh engaged in <u>any</u> misconduct whatsoever. The trial court merely determined that Wadleigh could not continue representing the Abbot because this litigation is substantially similar to Wadleigh's prior work for the College Corporation and because the Abbot's interests and the College Corporation's interests could be materially adverse. See <u>N.H. R. Prof. Conduct</u> 1.9(a); <u>Tekni-Plex, Inc. v. Meyner and Landis</u>, 674 N.E.2d 663, 667 (N.Y. 1996) (explaining that there does not need to be an actual conflict of interest in order for disqualification to be required). The trial court correctly analyzed the motion to disqualify Wadleigh given the complex nature of the corporate and individual relationships at issue. See <u>Goodrich v. Goodrich</u>, 158 N.H. 130, 136 (2008) ("A disqualification motion in the corporate setting, in particular, must be approached with caution in today's increasingly complex corporate maze of parent and subsidiary relationships, mergers and acquisitions.").

The fact that there was no finding of professional misconduct distinguishes this case from others in which courts have found that reputational harm, alone, confers standing on an attorney to appeal a disqualification order. In <u>Briggs v. McWeeny</u>, 796 A.2d 516 (Conn. 2002), for instance, a case upon which Wadleigh relies, the court found it "of great consequence" that the attorney's "disqualification was based on professional misconduct, not on a conflict of interest," and that the trial court intended the disqualification order to operate as a sanction. <u>Briggs</u>, 796 A.2d at 528. Similarly, in <u>KLG Gates LLP v. Brown</u>, 506 B.R. 177 (E.D.N.Y. 2014), a case that we asked the parties to address in supplemental memoranda, although the court opined that reputational harm alone conferred standing, the law firm at issue was sanctioned for inadequately disclosing possible conflicts of interest. <u>Brown</u>, 506 B.R. at 188.

Because the trial court did not find that Wadleigh engaged in professional misconduct, we need not decide whether reputational harm alone suffices to confer standing. Without a finding of professional misconduct, Wadleigh suffered no such harm. Wadleigh was disqualified "not for anything it did or failed to do"; rather, it was disqualified because "it had access, actual or potential, to whatever confidential information [it had] obtained while representing" the College Corporation. <u>Analytica, Inc. v. NPD Research, Inc.</u>, 708 F.2d 1263, 1266 (7th Cir. 1983). Wadleigh was disqualified to protect the College Corporation, but because "the firm's conduct was not blameworthy it need not fear for its reputation." <u>Id</u>.

To the extent that Wadleigh contends that the Board's request that it notify its insurance carrier of a potential malpractice claim is sufficient to confer standing, we disagree. Standing requires "an actual, not hypothetical, dispute." <u>Teeboom</u>, 172 N.H. at 307 (quotation omitted). Moreover, a "threatened injury must be <u>certainly impending</u> to constitute injury in fact."

2

<u>Clapper v. Amnesty Int'l USA</u>, 568 U.S. 398, 409 (2013) (quotation omitted). Here, Wadleigh's "allegations of <u>possible</u> future injury are not sufficient." <u>Id</u>. (quotation and brackets omitted).

For all of the above reasons, therefore, we conclude that Wadleigh has failed to demonstrate that it "suffered a legal injury against which the law was designed to protect," <u>Teeboom</u>, 172 N.H. at 307 (quotation omitted).

<u>Appeal dismissed</u>.


HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

3